Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| CHAD CULP, an individual,<br><br>Plaintiff<br><br>v.<br><br>STUART-LIPPMAN AND ASSOCIATES, INC.; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and California's Invasion of Privacy Act, Cal. Penal Code §630, *et seq.* ("CIPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and the unauthorized recording of telephone communications.

///

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff CHAD CULP, is a natural person residing in the state of California, County of Orange.

4. Defendant STUART-LIPPMAN AND ASSOCIATES, INC. ("SLA") is a corporation doing business of collecting debts in California operating from an address at 5447 East Fifth Street, Suite 110, Tucson, Arizona 85711.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

## IV. FACTUAL ALLEGATIONS

9. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

10. At a time unknown, SLA acquired information regarding an alleged debt that it attempted to collect from Plaintiff.

11. Defendants reported negative account information on Plaintiff's credit report with all major reporting agencies.

12. On or about June 14, 2014, Plaintiff sent a letter via certified mail to Defendants and requested a validation of the credit report pursuant to the Fair Debt Collections Practices Act. Plaintiff's letter further requested that Defendants cease all telephone calls as they are inconvenient to the Plaintiff.

13. On or about June 18, 2014, Defendants received Plaintiff's cease telephone communication letter.

14. In or about October 2014, SLA began calling Plaintiff in an attempt to collect the debt after SLA received the cease telephone communication letter. Plaintiff disputed the alleged debt with Defendants repeatedly over the phone and by email.

15. Defendants failed to indicate that all communications were from a debt collector.

16. Defendant failed to advise Plaintiff that telephone communications would be recorded prior to recording said calls.

17. Defendant falsely stated that it did not receive Plaintiff's cease and desist letter.

## V. FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

18. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

///

19. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at an unusual time or place and/or communicating with the Plaintiff at a time or place known or which should have been known to be inconvenient to the Plaintiff;

(b) The Defendants violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after the Plaintiff had notified the debt collector in writing that the Plaintiff refuses to pay the debt and/or that the Plaintiff wishes the debt collector to cease further communication;

(c) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

(d) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(e) The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector; and

(f) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

20. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

**(As against Defendants for Violation of Cal. Penal Code Section 632)**

21. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

///

22. Defendants communicated by telephone with Plaintiff in connection with Plaintiff's alleged debt.

23. Defendants made use of a software system that enabled them to secretly record telephone conversations between Plaintiff and Defendant.

24. In a conversation with Defendants, Plaintiff discussed the alleged debt and personal financial circumstances and affairs. It was reasonable for the Plaintiff to expect that the conversation was not being overheard or recorded. Each of the conversations between Defendants and Plaintiff was a "confidential communication" within the meaning of California Penal Code §632(c).

25. California Penal Code §632 prohibits a party from electronically recording confidential conversations without two-party consent. Defendants' confidential telephone communications with Plaintiff was initially secretly and surreptitiously recorded by Defendants without initially obtaining consent to record such conversations.

26. Defendants' practice of recording telephone conversations with Plaintiff violated California Penal Code §632(a).

27. Pursuant to Cal. Penal Code §637.2(a)(1), Plaintiff is entitled to recover statutory damages in the amount of $5,000 per violation.

**VII. THIRD CLAIM FOR RELIEF**

**(As against Defendants for Violation of Cal. Penal Code Section 632.7)**

28. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

29. Plaintiff participated in one or more telephone calls made to his cellular phone by Defendants.

30. Plaintiff is informed and believes that Defendants had and followed a policy and practice of using a telecommunications system that enabled them to surreptitiously record cellular telephone communications between Plaintiff and Defendant.

///

///

31. Plaintiff is informed and believes that Defendants had and followed a policy and practice of intentionally and surreptitiously recording cellular telephone conversations with Plaintiff.

32. Plaintiff is informed and believes that Defendants had and followed a policy and practice of not initially advising or warning Plaintiff that their cellular telephone communications with Defendants would be recorded. Defendants did not obtain consent of Plaintiff prior to the recording of portions of the conversations.

33. Defendants' conduct as described above, violated Cal. Penal Code §632.7(a).

34. Pursuant to Cal. Penal Code § 637.2(a)(1), Plaintiff is entitled to recover statutory damages in the amount of $5,000 per violation.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Penal Code § 637.2(a)(1) or (2);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k

(d) For punitive damages;

(e) For such other and further relief as the Court may deem just and proper.

Date: November 6, 2014

s/ Jeremy S. Golden
Jeremy S. Golden
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: November 6, 2014

s/ Jeremy S. Golden
Jeremy S. Golden
Attorney for Plaintiff