John D. Guerrini   (190972)
Robert A. Hartley (263493)
**THE GUERRINI LAW FIRM**
106 South Mentor Avenue, Suite 150
Pasadena, CA 91106
626-229-9611 telephone
626-229-9615 facsimile
guerrini@guerrinilaw.com
Attorneys for Defendant

[37335]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD CULP, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STUART-LIPPMAN AND ASSOCIATES, INC.; and DOES 1 through 10 inclusive,<br><br>Defendant. | CASE NO. 8:14-CV-01781-JLS-RNB<br><br>*Honorable Josephine L. Staton*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 20, 2015<br>Time: 02:30 p.m.<br>Ctrm: 10-A<br><br>Meet and Confer of Counsel Held: January 08, 2015 |

/ / /

/ / /

/ / /

-1-
**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on March 20, 2015, at 02:30 p.m., or as soon thereafter as the matter can be heard, in Courtroom 10-A, of the United States District Court, Central District of California, Southern Division, the Honorable Josephine L. Staton presiding, Defendant STUART-LIPPMAN AND ASSOCIATES, INC. will and hereby do move for an order pursuant to Fed. R. Civ. P. 12(b)(6), dismissing with prejudice the Complaint of CHAD CULP, AN INDIVIDUAL on the following grounds:

(1)   Count One of the Complaint is premised upon an assertion of federal question jurisdiction, asserting a Fair Debt Collections Practices Act (the "FDCPA") violation by the Defendant, but in fact, the underlying debt is commercial in nature – not consumer – and thus, the FDCPA does not apply.   Without the FDCPA, there is no jurisdiction over Count One.

(2)   Counts Two and Three are state law claims, and once the court dismisses Count One, there is no independent basis for jurisdiction over the state law claims.

This motion is based on this Notice of Motion and Motion, the

accompanying Memorandum of Points and Authorities, the Declaration of Cindy McGarity and exhibits attached thereto, the papers and pleadings on file in this action and such other papers and oral argument as may be submitted at or prior to the hearing on this motion.

On January 8, 2015, counsel for each party participated in the mandatory meet and confer pursuant to Local Rule. Plaintiff's counsel contends that the debt at issue, even though not for "personal, family or household purposes," should nevertheless be governed by the FDCPA. Defense counsel disagrees and asserts that FDCPA jurisdiction is statutory and thus, without a consumer debt, there is no jurisdiction.

Dated: January 21, 2015         Respectfully submitted,

**THE GUERRIINI LAW FIRM**

/s/ Robert A. Hartley
    Robert A. Hartley

Attorneys for Defendant STUART-LIPPMAN AND ASSOCIATES, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. OVERVIEW AND SUMMARY OF RELIEF SOUGHT

The assertion of jurisdiction is improper because the Complaint involves admittedly entirely commercial debt rather than consumer debt. Plaintiff was an independent sales agent for OM Financial Life Insurance Company (herein "OM") and sold a policy of life insurance which ultimately terminated, resulting in liability for a chargeback. (McGarity Decl, ¶12 and Exhibit 4 attached thereto.) Plaintiff was admittedly not an employee. The chargeback is not the type of debt that can be said to be for "personal, family or household" purposes.

When the insurance company hired Defendant to collect the debt, the Plaintiff sued, alleging a single FDCPA violation.

As a matter of law, the Fair Debt Collections Practices Act covers debts incurred primarily for personal, family or household purposes. 15 U.S.C. 1692a(5); *Bloom v. I.C. Systems*, 972 F.2d 1067, 1068 (9th Cir. 2007). An analysis of this threshold and jurisdictional issue focuses on the *origin of the debt*, and here, the debt admittedly arose out a business relationship between an insurance carrier and its independent sales agent. (McGarity Decl, ¶¶12-14 and

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

Exhibits 2, 3, & 4 attached thereto.)

No money was loaned to the Plaintiff to purchase groceries, a family vehicle or a visit to the doctor. This is not a close call – the debt is not a "consumer" debt that is governed by the FDCPA. Because the FDCPA does not govern this debt or its collection, Count One must be dismissed for want of jurisdiction. Because Counts Two and Three are premised solely upon state law violations, this court has no jurisdiction to resolve them and must instead dismiss the entire action.

## II. FACTS

On March 4, 2008 CHAD CULP, AN INDIVIDUAL (Herein "Plaintiff") executed a request to be appointed as a producer to OM Financial Life Insurance Company. (McGarity Decl, ¶8 and Exhibit 1 attached thereto.) The March 4, 2008 request for appointment included an acknowledgment of receipt and agreement to comply with the companies' Market Conduct Guide, to be bound by all the standards, terms, conditions and remedies contained therein, including those which may be contained in any attachment/addenda thereto. (McGarity Decl, ¶9.) On March 4, 2008 Plaintiff executed an Annualization Addendum to General Agent's or General Producer's Agreement. (Herein "Addendum.") (McGarity Decl, ¶10 and Exhibit 3 attached thereto.). Paragraph 2 of the

-5-

Addendum provides that in the case of termination, for any reason, of a policy on which an initial commission has been paid, there will be a chargeback to be withheld from future commissions, else paid within 30 days if commissions are insufficient to pay the amount of the chargebacks. (McGarity Decl, ¶11 and Exhibit 3 attached thereto.) Subsequently Plaintiff was appointed as a producer for OM Financial Life Insurance Company and the one policy sold by Plaintiff on which initial commissions had been paid were terminated resulting in a chargeback. (McGarity Decl, ¶12 and Exhibit 4 attached thereto.) This chargeback is the subject of the underlying debt in the communications referenced in Plaintiff's Complaint. (McGarity Decl, ¶13.)

Plaintiff's relationship to OM Financial Life Insurance Company is that of a General Producer, which, in accordance with Section 7 of the General Producer's Agreement, is deemed an independent contractor. Section 7 goes on to expressly negate an employer-employee relationship between OM and General Producers. (McGarity Decl, ¶14 and Exhibits 2 & 3 attached thereto.) This fact is highlighted by Plaintiff being paid commissions, not wages. (McGarity Decl, ¶15 and Exhibit 5 attached thereto.) Further bolstering this characterization, no taxes, federal, state or local, or social security insurance or Medicare were deducted from Plaintiff's commissions. (McGarity Decl, ¶16.) Finally, in anticipation of filing

-6-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

an informational return reporting commissions paid Plaintiff, OM provided a Request for Taxpayer Identification Number and Certification, Form W-9, which was returned certified by Plaintiff. (McGarity Decl, ¶17 and Exhibit 6 attached thereto.)

## III. ARGUMENT

### A. THE MOTION IS AUTHORIZED

Federal Rules of Civil Procedure Rule 12(b)(6) provides a party may assert the defense of failure to state a claim upon which relief can be granted by motion. Defendant's first claim falls under 15 U.S.C. §1692a and applies only to consumers. A consumer means any natural person obligated to pay any debt, and debt is an obligation arising out a transaction primarily for personal, family, or household purposes. 15 U.S.C. §1692a(3) & (5).

Because the underlying debt is comprised of chargebacks in a commercial transaction between an insurance company and its licensed sales agent who was an independent contractor, the debt is rationally characterized as commercial. Plaintiff mis-characterizes the facts and acts underlying his claim so that they are governed by the FDCPA, but in reality, because the debt is not consumer in nature, the FDCPA does not apply.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

## B. AS A MATTER OF LAW, THE FDCPA REGULATES COLLECTION OF SPECIFIC CONSUMER DEBTS ONLY, AND BECAUSE THE SUBJECT DEBT DOES NOT MEET THE TEST OF A CONSUMER DEBT, THE FDCPA DOES NOT APPLY TO THE COLLECTION OF THIS DEBT.

The FDCPA governs a very specific class of debts, to wit: only those *debts incurred primarily for personal, family or household purposes.* 15 U.S.C. 1692a(5); *Bloom v. I.C. Systems*, 972 F.2d 1067, 1068 (9th Cir. 2007). Consequently, the [FDCPA] applies to consumer debts and not business loans." *Slenk v. Transworld Systems, Inc.*, 236 F.3d 1072, 1074 (9th Cir. 2001). In *Slenk* the Ninth circuit determined the district court erred in concluding there was no issue of material fact whether the underlying loan was consumer debt. *Id.* Slenk involved a contractor using the name Slenk Builders to purchase a backhoe, apply for a building permit and write off the equipment on his taxes. *Id.* at 1073-74. Examining the transaction closer the Ninth Circuit pointed out the backhoe was never used for commercial purposes, was used only to excavate land for the Slenk family home and sold immediately thereafter. In fact, Slenk Builders was not even licensed to operate a backhoe. *Id.* at 1075-76. Under these facts the Court pointed to the need to examine the transaction as a whole, pay attention to the

-8-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

purpose for which credit was extended and to elevate substance over form. *Id.* at 1075.

Evaluating the transaction applying *Slenk*, as a whole this was a business transaction between a licensed insurance agent and an insurance company. The debt is the result of a chargeback for an insurance policy that was terminated, anticipated in the Addendum and Market Conduct Guide which governed this commercial relationship. The purpose of the debt was to reimburse the insurance company for commissions advanced in case of policy termination. The debt was incurred pursuant to a commercial contract and in no way can be characterized as primarily for personal, family or household purposes. Because FDCPA applies to consumer debts Plaintiff's First Claim fails and this motion should be granted. Absent the FDCPA claim supplemental jurisdiction is lost and the Complaint should be dismissed.

C. **NOT EVEN THE COMMISSIONS CAN BE CLASSIFIED AS "CONSUMER DEBT" AND THUS, THERE IS NO FDCPA JURISDICTION**

During the parties' meet and confer, Plaintiff's counsel suggested that the commissions should be enough to magically morph a clearly non-consumer relationship into a relationship where the FDCPA might apply. But this ignores

-9-

the obvious – the commissions can't be classified as "consumer debt."

Plaintiff's relationship to the insurance company was clearly spelled out in the Market Conduct Guide in which general producers were deemed independent contractors. Section 7 goes on to expressly negate an employer-employee relationship. Therefore any monies received from the insurance company were commissions, not wages. This fact is amplified by the use of the term commissions in the Addendum, the Authorization Agreement for Direct Deposit and the Market Conduct Guide. The fact is further brought home by acknowledging Defendant never deducted taxes, social security, or Medicare from Plaintiff's commissions. The above leave no room for the suggestion Plaintiff was an OM employee or that money paid out for policy sales was a salary.

These facts negate any attempt to bootstrap the debt to any personal use of the commissions by characterizing them as wages. Plaintiff's agreement with OM provided for commissions, not a salary. 15 U.S.C. §1692a focuses on the debt and the cases interpreting the Act mandate examining the transaction as a whole and not exalting form over substance. (See *Slenk*, supra.) In light of the commercial nature and formalities surrounding the transaction as a whole, it would be raising form over substance to term this consumer debt because an agent claims to have used commissions for home or family. Because of this Plaintiff has failed

to state a cause of action for violation of FDCPA and this motion should be granted.

## IV. CONCLUSION

For all of the above reasons it is respectfully requested Plaintiffs motion be granted and the Complaint be dismissed with prejudice.

Dated: January 21, 2015        Respectfully submitted,

THE GUERRIINI LAW FIRM

/s/ Robert A. Hartley
Robert A. Hartley

Attorneys for Defendant STUART-LIPPMAN AND ASSOCIATES, INC.