JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-01781-JLS (RNBx)                              Date:  March 19, 2015
Title:  Chad Culp v. Stuart-Lippman and Associates, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                           Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 9)**

Before the Court is a Motion to Dismiss filed by Defendant Stuart-Lippman and Associates, Inc.  (Mot., Doc. 9.)  Plaintiff Chad Culp filed an Opposition, and Defendant replied.  (Opp'n, Doc. 12; Reply, Doc. 14).  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.   The hearing on the Motion, scheduled for March 20, 2015, at 2:30 p.m., is therefore VACATED.  For the reasons stated below, the Court GRANTS Defendant's Motion.

**I.     Background**

When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint.  *Hemi Grp., LLC v. City of New York*, *N.Y.*, 559 U.S. 1, 5 (2010).  Defendant attempted to collect a debt from Plaintiff.  (Compl. ¶ 10.)  On or about June 14, 2014, Plaintiff sent a letter to Defendant requesting that Defendant cease all telephone calls to Plaintiff.  (Id. ¶ 12.)  However, in or about October 2014, Defendant "began calling Plaintiff in an attempt to collect the debt after [Defendant] received the cease telephone communication letter."  (Id. ¶ 14.)  Plaintiff disputed the debt with Defendant over the phone and through e-mail.  (Id.)  Plaintiff alleges that Defendant "failed to indicate that all communications were from a debt collector," "failed to advise Plaintiff that telephone communications would be recorded prior to recording said calls,"

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-01781-JLS (RNBx) | Date: March 19, 2015 |
| Title: Chad Culp v. Stuart-Lippman and Associates, Inc. et al. | |

and "falsely stated that it did not receive Plaintiff's cease and desist letter." (Id. ¶¶ 15-17.)

However, the nature of Plaintiff's underlying debt became clear after Defendant filed its Motion. (*See* McGarity Decl., Doc. 9-2.) Plaintiff does not dispute the following facts. (*See* Opp'n at 2, Doc. 12.)

Plaintiff is an independent sales agent, or General Producer, for OM Financial Life Insurance Company. (McGarity Decl. ¶ 8; McGarity Decl., Ex. 3, "Addendum," Doc. 9-2; Culp Decl. ¶ 3, Doc. 12-1.) As a General Producer, Plaintiff receives commissions for the sale of life insurance policies. (McGarity Decl. ¶¶ 11-12; Addendum; Culp Decl. ¶ 4.) According to the terms of the "Annualization Addendum to General Agent's or General Producer's Agreement," which Plaintiff signed on March 4, 2008, and which Defendant submitted to the Court in support of its Motion, OM agreed to pay Plaintiff, "upon [the] issuance of [an insurance] policy, an initial commission(s) . . . for all authorized life insurance policies sold by" Plaintiff. (Addendum ¶ 1.) The Addendum, however, provides that "[i]n the event of termination, for any reason, of a policy on which an initial commission has been paid . . . there will be a chargeback . . . . The chargeback will be withheld from the next commission payment(s) due [to Plaintiff] until fully repaid. If there is insufficient activity to repay the amount of the chargeback within thirty (30) days, [Plaintiff] must remit the balance to [OM] within ten (10) days . . . ." (Id. ¶ 2.) The Addendum further provides that if Plaintiff fails to repay the chargeback, OM "has the right to pursue all legal and equitable remedies available to it in enforcing [Plaintiff's] obligations" and in collecting the "debt." (Id. ¶ 8.) The alleged communications made by Defendant relate to the debt that Plaintiff incurred to OM when a policy that Plaintiff sold and received a commission for was terminated, resulting in a "chargeback" that Plaintiff allegedly failed to repay to OM. (McGarity Decl. ¶¶ 12-13; Culp Decl. ¶¶ 6-7.)

On November 7, 2014, Plaintiff filed a Complaint that asserts three claims against Defendant for its debt collection activities. (Compl. ¶¶ 18-34.) The first claim alleges violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (Compl. ¶ 18-20.) The second and third claims are state law claims for violations of California Penal Code § 632 and California Penal Code § 632.7. (Id. ¶¶ 21-34.)

**CIVIL MINUTES – GENERAL**  2

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-01781-JLS (RNBx)                                     Date:  March 19, 2015
Title:  Chad Culp v. Stuart-Lippman and Associates, Inc. et al.

## II. Legal Standard

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## III. Discussion

### A. FDCPA Claim

"The FDCPA prohibits debt collectors from engaging in various abusive and unfair practices." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-01781-JLS (RNBx)                               Date:  March 19, 2015
Title:  Chad Culp v. Stuart-Lippman and Associates, Inc. et al.

947-48 (9th Cir. 2011).  "The statute was enacted to eliminate abusive debt collection practices; to ensure that debt collectors who abstain from such practices are not competitively disadvantaged; and to promote consistent state action to protect consumers."  *Id.* at 948 (citing 15 U.S.C. § 1692(e)).  The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes . . . ."  15 U.S.C. § 1692a(5).  The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt."  Id. ¶ 1692a(3).

   Defendant contends that the underlying debt in this case is commercial, rather than consumer, in nature.  (Mot. at 2.)  According to Defendant, the "chargeback is not the type of debt that can be said to be for 'personal, family or household' purposes."  (Id. at 4.)  Thus, Defendant argues that the FDCPA does not apply and Plaintiff's claim under the statute should be dismissed because the Complaint involves entirely commercial debt rather than consumer debt.  (Id. at 4-5.)  Plaintiff, on the other hand, argues that the debt is covered by the FDCPA.  Plaintiff claims that the FDCPA applies because "Plaintiff's commissions were spent on personal, family, and household expenses," including "groceries from Kroger, gas, and part of his rent for his personal residence."  (Opp'n at 2; *see also* Culp Decl. ¶¶ 8-9.)

   The FDCPA "applies to consumer debts and not business loans*.*"  *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992).  The Ninth Circuit has "found it necessary when classifying a loan to examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature.  *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001) (internal quotation marks and citation omitted).  "In making this determination, [courts] have elevated substance over form, holding that '[n]either the lender's motives nor the fashion in which the loan is memorialized are dispositive of this inquiry."  *Id.* (quoting *Bloom*, 972 F.3d at 1068).  The Court therefore must "look to the substance of the transaction and the borrower's purpose in obtaining the loan, rather than the form alone."  *Id.* (quoting *Riviere, et al. v. Banner Chevrolet, Inc.*, 184 F.3d 457, 462 (5th Cir. 1999)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-01781-JLS (RNBx)                  Date:  March 19, 2015
Title:  Chad Culp v. Stuart-Lippman and Associates, Inc. et al.

     Here, Plaintiff does not dispute that the underlying debt arose from his contractual agreement with OM regarding the terms under which he would sell insurance policies for OM.  (*See* Opp'n at 2.)  Here, Plaintiff sold a policy, then incurred a debt when the policy was terminated and he failed to repay the "chargeback" to OM, as required by the agreement.  Defendant attempted to collect this debt from Plaintiff.  However, despite the fact that the agreement classifies this "chargeback" as a "debt," the underlying debt at issue in this case cannot be classified as the kind of debt covered by 15 U.S.C. § 1692a(5) and *Slenk*.

     It is undisputed that this debt arose out of a purely commercial transaction between Plaintiff and OM.  Plaintiff entered into a contractual agreement as an independent contractor to receive commissions for the sale of insurance policies.  Therefore, the transaction that gave rise to the underlying debt was related entirely to Plaintiff's commercial relationship with OM.  Accordingly, the Court does not find that the "money . . . which [is] the subject of the transaction [was] primarily for personal, family or household purposes . . . ."  15 U.S.C. § 1692a(5).

     Plaintiff cites *Bloom* for the proposition that the FDCPA "characterizes debts in terms of end uses."  *Bloom*, 972 F.2d at 1068.  However, *Slenk* instructed that the Court must "examine the transaction as a whole, paying particular attention to the *purpose* for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature."  *Slenk*, 236 F.3d at 1075 (internal quotation marks and citation omitted) (emphasis added).  The Court therefore must "look to the *substance of the transaction* and the borrower's *purpose* in obtaining the loan."  *Id.* (emphasis added); *see also Manuel v. Shipyard Holdings*, No. C 01-00883 WHA, 2001 WL 1382050, at *6 (N.D. Cal. Nov. 5, 2001) ("[T]he relevant inquiry is into the purpose for which the loan was acquired, not [a plaintiff's] unilateral, unratified, after-the-fact actions.").  For example, in *Slenk,* the purpose of the loan was to obtain money to purchase a backhoe used to build a family home.  236 F.3d at 1075-76.  The Ninth Circuit, therefore, concluded that the purpose of the loan was for personal purposes.  *Id.* at 1076.  In contrast, though Plaintiff here may ultimately have used his commission for personal, family, and household expenses, nothing suggests that Plaintiff's *purpose* when selling the insurance policy and OM's *purpose* in paying Plaintiff a commission were

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-01781-JLS (RNBx) | Date: March 19, 2015 |
| Title: Chad Culp v. Stuart-Lippman and Associates, Inc. et al. | |

related to personal, family, or household expenses. Once again, Plaintiff's relationship with OM, the Addendum signed by Plaintiff, and the underlying transaction between Plaintiff and OM are all commercial in nature. Plaintiff's alleged consumer spending cannot transform an otherwise purely commercial transaction into an obligation to pay a consumer debt. *See, e.g., Orenbuch v. Leopold, Gross & Sommers, P.C.*, 586 F. Supp. 2d 105, 108 (E.D.N.Y. 2008) (holding that an accounting error where an employer overpaid an employee $2,042.77 in salary "is not the type of debt contemplated by the FDCPA because the overpayment of salary was not a 'transaction' within the meaning of the statute").

Accordingly, Plaintiff's FDCPA claim is dismissed with prejudice.

### B. State Law Claims

Plaintiff's remaining claims arise under state law. (Compl. ¶¶ 21-34.) "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In making this determination, the Court weighs considerations of comity, judicial economy, fairness, and convenience. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (noting that "[i]n the usual case" these factors "will point toward declining to exercise jurisdiction over the remaining state-law claims" (citations omitted)).

Having dismissed Plaintiff's federal claim under the FDCPA, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Comity weighs strongly against the exercise of jurisdiction, as Plaintiff now proceeds exclusively on state law claims. Judicial economy likewise weighs against the exercise of jurisdiction, as the Court has not performed any substantive legal analysis of the state law claims. Finally, the Court finds that considerations of convenience and fairness do not

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-01781-JLS (RNBx)          Date: March 19, 2015

Title: Chad Culp v. Stuart-Lippman and Associates, Inc. et al.

weigh strongly for or against the exercise of supplemental jurisdiction. Considering the four factors together, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims arising under California Penal Code § 632 and California Penal Code § 632.7.

      Accordingly, Plaintiff's state law claims are dismissed without prejudice to Plaintiff refiling them in state court.

### IV.   Conclusion

      For the foregoing reasons, the Court GRANTS Defendant's Motion. Plaintiffs' claim for violations of the FDCPA is DISMISSED WITH PREJUDICE. Plaintiff's remaining state law claims are DISMISSED WITHOUT PREJUDICE to Plaintiff refiling them in state court.

                                                      Initials of Preparer: tg